UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES THORNTON, )<br>    Plaintiff, )<br>                              )<br>v.                                )<br>                              )<br>UNITED PARCEL SERVICE, INC.,)<br>    Defendant. ) | CIVIL ACTION NO.: 05-10210-MEL |

**MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXHIBIT IN OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Now comes the Plaintiff, Charlie Thornton, and hereby moves for leave to file a supplemental exhibit in opposition to the Defendant's Motion for Summary Judgment, namely the August 1, 2007 EEOC probable cause determination in the case of Ducheneau v. UPS. See attached. As grounds therefore, the Plaintiff states the following:

1. This evidence is newly-discovered in that the document did not exist prior to August 1, 2007.

2. The document is highly relevant to the issue of whether the Defendant maintained a per se unlawful "100% medical release" policy, in violation of the ADA.

3. In addition, it is relevant to the authenticity of a previously-filed exhibit, the declaration of Robert Ducheneau, which the Plaintiff attached to his sur-reply on the parties' Cross Motions for Summary Judgment.

**WHEREFORE**, the Plaintiff respectfully requests that the Court grant his motion.

                                               Respectfully Submitted,
                                               Charlie Thornton
                                               By his attorneys

DATED: August 7, 2007                    //s// Michael Tumposky
                                               Stephen Hrones
                                               BBO No. 242860
                                               Michael Tumposky
                                               BBO No. 660618
                                               Hrones, Garrity & Hedges
                                               Lewis Wharf –Bay 232
                                               Boston, MA 02110
                                               (617) 227-4019

## **LOCAL RULE 7.1 CERTIFICATION**

      Undersigned counsel certifies that the parties have conferred and have attempted in good faith to resolve or narrow the issue.

                                               //s// Michael Tumposky
                                               Michael Tumposky

## **CERTIFICATE OF SERVICE**

      I, Michael Tumposky, hereby certify that, on this the 7th day of August, 2007, I served a copy of this document, where unable to do so electronically, by first-class mail on all counsel of record in this matter.

                                               //s// Michael Tumposky
                                               Michael Tumposky



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Boston Area Office**

John F. Kennedy Federal Building
Government Center, Room 475
Boston, MA 02203-0506
National Contact Center: (800) 669-4000
National Contact Center TTY (800) 669-6820
Boston Status Line: (866) 408-8075
Boston Direct Dial (617) 565-4805
TTY (617) 565-3204
FAX (617) 565-3196

Robert Ducheneau                     CHARGING PARTY
c/o Anita M. Laing
Scott + Scott, LLC
600 B Street, Suite 1500
San Diego, CA  92101

United Parcel Service, Inc.          RESPONDENT
c/o Hugh F. Murray
Murtha Cullina LLP
CityPlace 1
185 Asylum Street
Hartford, CT  06103-3469

Re:   Ducheneau v. United Parcel Service, Inc., Charge No. 161-2004-00280C

### DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the above cited charge filed under the Americans with Disabilities Act of 1990 (ADA).

All requirements for coverage have been met. Charging Party alleged that Respondent discriminated against him because of his disability in violation of the ADA in that Respondent failed to reasonably accommodate him.

Respondent denies the allegations and claims that Charging Party is not a qualified individual with a disability under the ADA and that it could not reasonably accommodate Charging Party due to his medical restrictions that restrict Charging Party from lifting more than 10 lbs.

I have considered all the evidence obtained during the investigation and find that there is reasonable cause to believe that there is a violation of the ADA. Charging Party is a qualified individual with a disability. Respondent failed to engage in the interactive process with the Charging Party as required by the ADA; improperly used uniform pretextual job descriptions listing lifting requirements as essential job functions when such lifting requirements were not essential job functions; applied a *de facto* 100% or no restriction return to work policy to Charging Party; and failed to reasonably accommodate Charging Party's impairment, which resulted in Charging Party being denied the opportunity to return to work. Respondent also violated the ADA by refusing to permit Charging Party to enter the worksite to examine job postings, refusing Charging Party's requests to be transferred to other positions that he could have performed with reasonable accommodation, refusing to permit Charging Party to bid for other jobs that he could have performed, and refusing to permit Charging Party to enroll in the

company sponsored training for a commercial drivers license that would have qualified Charging Party to work for UPS as a tractor trailer driver. The evidence shows that Respondent did not even initiate its written ADA process until after Charging Party filed his Charge, and that Respondent still failed to reasonably accommodate Charging Party's disability when it did use its ADA process.

The evidence obtained by the Commission during its investigation has also shown that Respondent has continued to engage in a pattern or practice of discrimination by maintaining a *de facto* return to work policy requiring employees who were injured or have medical restrictions to be released 100% with no restrictions before being permitted to return to work. This policy has been determined to be a *per se* violation of the ADA. This policy has affected a class of covered individuals. In addition, evidence obtained during the investigation shows that Respondent maintains job requirements, including lifting requirements for feeder driver, yard shifter and other positions that are not essential to the position and discriminate against employees with disabilities. These job descriptions violate the ADA and affect a class of covered individuals. The Commission also obtained evidence during its investigation that Respondent has engaged in a pattern or practice of using its written ADA process in a discriminatory manner so as to deny reasonable accommodations to employees with disabilities. The Respondent's discriminatory application of its written ADA process violates the ADA and affects a class of covered individuals.

This determination is final. Section 107(a) of the ADA requires that, if the Commission determines that there is reasonable cause to believe that violations have occurred, it shall endeavor to eliminate the alleged unlawful employment practices by informal methods of conciliation. Having determined that there is reasonable cause to believe that Respondent violated the ADA, the Commission now invites the parties to join with the Commission in reaching a just resolution of this matter. A representative of this office will be in contact with the parties in the near future to begin the conciliation process. Disclosure of information obtained by the Commission during the conciliation process will be made in accordance with the statute and Section 1601.26 of the Commission's procedural regulations. If Respondent declines to enter into a conciliation discussion, or when the Commission's representative for any other reason is unable to secure a settlement acceptable to the Commission, I will so inform the parties in writing and advise them of the court enforcement alternatives available to the Charging Parties, aggrieved persons, and the Commission.

On Behalf of the Commission:

_____     _8-1-2007_
Robert L. Sanders              Date
Area Director