UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

CHARLIE THORNTON,                    )
     Plaintiff,                       )
                                      ) CIVIL ACTION NO.: 05-10210-RGS
     v.                               )
                                      )
UNITED PARCEL SERVICE, INC.,)
     Defendant.                       )
_____)

**PLAINTIFF THORNTON'S PROPOSED JURY INSTRUCTIONS**

**Actions by Agents of a Corporation** -- The defendant in this case, U.P.S., is a corporation. Under the law, a corporation, is a person, but of course it can act only through its directors, officers, employees, or other agents. The law holds, therefore, that the defendant U.P.S. is responsible for any unlawful acts of its directors, officers, employees, or any other agents, made while acting within the scope of the authority given them by defendant U.P.S., or within the scope of their duties as a director, officer, employee or agent.  Adapted From Devitt, Blackmar, & Wolff, Federal Jury Practice And Instructions (4th Ed. 1987), §90.11.

**Disability Discrimination Prohibited** -- In this case there are several ways in which the employer might violate the ADA. First, it is unlawful for any employer to discriminate against a qualified individual with a disability because of his or her disability with respect to any other term, condition or privilege of employment. Second, disability discrimination also includes denying employment opportunities to an employee with a disability because of the need to make reasonable accommodation to his physical limitations. An employer has a legal obligation to offer reasonable accommodations that would help an employee with a disability perform the essential functions of the job he holds or desires.  Furthermore, it is unlawful to maintain a policy which has the effect of discriminating against or not accommodating employees with disabilities.  42 U.S.C. § 12112(A),(B)(5)(B); 42 U.S.C. 12111(9)(B).

**Proof of Discrimination:** In order to prove he was discriminated against on the basis of disability, Mr. Thornton need only prove that his disability was a substantial motivating factor in the employment decision. He is not required to prove that his disability was the sole motivation or the primary motivation for U.P.S.' decision. In addition, the plaintiff is not required to produce direct evidence of unlawful motive. Intentional discrimination, if it exists, is seldom admitted, but is a fact which you may infer from the existence of other facts. You may infer discrimination from the showing of pretext, i.e. a showing that the Defendant's reasons for its actions are not credible. Your disbelief of the reasons put forward by the defendant may suffice to show intentional discrimination. 42 U.S.C. Section 12102(2), 12111(8), 29 C.F.R. Section 1630.2(M), Devitt & Blackmar, Federal Jury Practice and Instructions, Ch. 104.01 Et Seq., <u>Reeves v. Johnson Controls World</u>

Serv., Inc., 140 F.3d 144 (2d Cir. 1998); Hazen Paper Co. v. Biggins, 113 S.Ct. 1701 (1993); St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2749 (1993).

**Americans with Disabilities Act – Purpose --** The purpose of the ADA is to eliminate discrimination against individuals with disabilities; to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; to ensure that the federal government plays a central role in enforcing the standards established in title I of the ADA on behalf of individuals with disabilities; and to invoke the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities.  It is also designed to prohibit employers from making adverse employment decisions based on stereotypes and generalizations associated with the individual's [perceived] disability rather than on the individual's actual characteristics.  EEOC v. Prevo's Family Market, Inc., 135 F.3d 1089, 1097 (6th Cir. 1998); 42 U.S.C. Section 12101(b).

**Statutory Proscription Against Discrimination** -- Section 12112(a) of the ADA states: No [employer] shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, hiring, advancement, or discharge of employees, employee compensation, job training and other terms, conditions and privileges of employment.  42 U.S.C Section 12112(a).  M.G.L. ch. 151B, §4(16) contains similar language.

**Individual with a Disability** -- An individual is considered disabled under the ADA if he actually has or was perceived by his employer to have a physical or mental impairment that substantially limits one or more of his major life activities.  42 U.S.C. § 12102.

**Mental or Physical Impairment – Definition --** The ADA defines a "physical impairment" as: (1) any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological; neuromuscular; special sense organs; cardiovascular; reproductive; digestive; genito-urinary; hemic and lymphatic; skin; and endocrine. Toyota Motor Mfg., Ky. v. Williams, 534 U.S. 184, 195 (2002).  It is undisputed in this case that the Plaintiff had a physical impairment.

**Substantially Limits -- Defined --**A physical or mental impairment "substantially limits" one or more of a person's major life activities when it: (1) renders the plaintiff unable to perform a major life activity that the average person in the population could perform, or (2) significantly restricts, as to condition, manner or duration, the individual's ability to perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population could perform the same major life activity. The question of whether the plaintiff's impairment substantially limits a major life activity depends on the impairment's:
(1) nature and severity;
(2) duration or expected duration; and
(3) expected or actual permanent or long term impact.

When an impairment results in significant limitations, that impairment is substantially limiting even if the limitations are not insurmountable.  The focus is not on whether the individual has the courage to participate in the major life activity despite [his] impairment, but, rather, on whether [he] faces significant obstacles when [he] does so. You must also take into account the effects of mitigating or corrective measures when judging whether a person is substantially limited in a major life activity.  Sutton v. United Air Lines, Inc., 527 U.S. 471, 482 (1999); Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184, 197 (2002), citing 29 C.F.R. §1630.2 (j)(2)(ii)-(iii); Gillen v. Fallon Ambulance Serv., 283 F.3d 11, 22 (1st Cir. 2002).

**Regarded as Having an Impairment – Definition** -- An individual is "regarded as" having a disability if he:
(1) has a physical or mental impairment that does not limit a major life activity, but is treated by the employer as having such a limitation;
(2) has a physical or mental impairment that is only substantially limiting because of the attitudes of others towards the impairment; or
(3) does not have an impairment at all but is regarded by the employer as having such a substantially limiting impairment.
Essentially, a plaintiff is regarded as disabled where an employer acts on misperceptions [resulting] from stereotypic assumptions not truly indicative of . . . individual ability. The "regarded as" element turns on the employer's perception of the employee, a question of intent, not whether the employee has [an actual] disability.  Furthermore, even if the employer's belief about an employee's disability is honestly held, on particular facts a jury still might conclude that it rested on an unfounded stereotype (and, therefore, constituted discrimination). Zapata-Matos v. Reckitt & Colman, Inc., 277 F.3d 40, 45-46 (1st Cir. 2002); 42 U.S.C. Section 12101(2) (1991); 29 C.F.R. Section 1630.2(1); School Board Of Nassau County, Florida v. Airline, 480 U.S. 273 (1987), 29 C.F.R. 1630.2(L), EEOC Regulations, Appendix to Part 1630-Interpretive Guidance On Title I of the ADA; Sutton v. United Air Lines, Inc., 527 U.S. 471, 489 (1999); Francis v. City of Meriden, 129 F.3d 281, 284 (2d Cir. 1997).

**Major Life Activities --** The term "major life activities" refers to basic life activities that an average person can perform with little or no difficulty, such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, working, sitting, standing, lifting and reaching. The ability to reproduce is also considered one of life's major activities.  29 C.F.R. §1630.2(i); 45 C.F.R. § 84.3(j)(2)(ii) (2001).

**Reasonable Accommodation** -- The ADA requires an employer to provide a reasonable accommodation to qualified individuals with disabilities. An accommodation is a modification or adjustment to the work environment or to the manner or circumstances under which the position is customarily performed, that enables a qualified individual with a disability to perform the essential functions of the job. Under the ADA, an employer's duty to reasonably accommodate a disabled employee includes reassignment to a vacant position for which the employee is qualified. 42 U.S.C. §12112(5)(A); 42 U.S.C. Section 12111(9)(B); 29 C.F.R. § 1630.2

**Unlawful Return to Work Policy** -- A policy requiring employees to return "without any medical restrictions" is a per se or automatic violation of the ADA because it eliminates any possibility of accommodation. If you find that U.P.S. had a policy, even if not written or official, of only allowing employees to return to work if they had no medical restrictions, and you find that the policy was applied to the Plaintiff, then you must find that the Defendant violated the ADA. Moreover, an employee affected by a "100% healed" rule has shown that he is "regarded as" substantially limited in the major life activity of working, and thus "disabled" under the ADA. Henderson v. Ardco, Inc., 247 F.3d 645, 650 (6th Cir. 2001); Hutchinson v. United Parcel Service, 883 F. Supp. 379, 397 (N.D. Iowa 1995); Norris v. Allied-Sysco Food Services, Inc., 948 F. Supp. 1418, 1437 (N.D. Cal.1996); Wilson v. Exec. Jet Mgmt., Inc., 2006 U.S. Dist. LEXIS 11088 at * 40 (D. Ohio Feb. 28, 2006)

**Failure to Accommodate – Elements --** In order to meet its burden of proof in a failure to accommodate case under the ADA, Mr. Thornton must establish by a preponderance of the evidence that:
1) Mr. Thornton was a qualified individual with a disability within the meaning of the ADA;
2) U.P.S. knew of his disability and the need for an accommodation;
3) An accommodation existed which would have allowed Mr. Thornton to enjoy employment benefits and privileges equal to those of similarly situated coworkers who did not have a disability; and
4) U.P.S. failed to provide Mr. Thornton with a reasonable accommodation.
If you find that the plaintiff has established each of these elements, you must find in favor of the plaintiff that defendant failed to accommodate Mr. Thornton's disability.  Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 264 (1st Cir. 1999)

**Interactive Process-** The federal regulations relating to the ADA also require both employer and employee to engage in a dialogue to find an accommodation that is "reasonable," once the employer is aware that the employee wants or needs accommodation. The employer has the duty to initiate this process, but the employee has the duty to participate in it. If you find that the accommodation that U.P.S. did not offer a "reasonable" accommodation, and that it did not initiate or engage in good faith in the informal, interactive process contemplated by the regulations, you must return a verdict for the Plaintiff on the claim of failure to provide a reasonable accommodation. Tobin v. Liberty Mut. Ins. Co., 433 F.3d 100, 109 (1st Cir. 2005); 42 U.S.C. §§ 12111(9), 12112(b)(5)(a); 29 C.F.R. §1630.2(o).

**Damages – Lost Wages --** Generally, a person who is a victim of disability discrimination is entitled to be made whole by an award of damages for all lost monies and benefits. Damages are meant to put the claimant in the economic position he would have occupied but for the discrimination. You, the jury, will determine any monetary damages in this case.  If you find that U.P.S. discriminated against Mr. Thornton, you must determine the amount of damages, if any, that have been sustained by him. This includes the dollar amount of what is called "back pay", or wages lost as a result of the Defendant's unlawful conduct, from the time of the discrimination to the present, as well

as front pay, which is wages lost from the present up until the date that the Plaintiff's employment with the Defendant would have ended if not for the Defendant's unlawful conduct.  In calculating lost pay, unrealistic exactitude or absolute precision is not required. Any ambiguities or uncertainties in determining what any claimant would have earned but for the discrimination should be resolved against the discriminating employer, U.P.S. You may not rely on speculation or guesswork, but you may make an estimate of the amount of money that will constitute just and reasonable compensation based on the facts that are before you.  In this case, the measure of damages for lost wages resulting from a violation of the ADA is the amount of money and benefits that Mr. Thornton would have earned from the date that Mr. Thornton tried to return to work to the date that he would have terminated his employment if not for the Defendant's unlawful conduct. Clarke v. Frank, 960 F.2d 1146 (2nd Cir. 1992); Cohen v. West Haven Board of Police Commissioners, 638 F.2d 496, 502 (2nd Cir. 1980).

**Punitive Damages --** In addition to compensatory damages, the law allows you to award an injured plaintiff punitive damages, in order to punish the defendant, and to serve as an example or warning to others not to engage in such conduct. Here, Mr. Thornton claims that the acts of defendant U.P.S. were done with malice or with reckless indifference to Mr. Thornton's right not to be discriminated against, that is, with malice or reckless indifference to his rights under the ADA, which entitles him to an award of punitive damages. An employer acts with "reckless indifference" to an employee's rights when it acts in the face of a perceived risk that its actions will violate federal law. The plaintiff contends that U.P.S. acted with reckless indifference to Mr. Thornton's federally protected rights when it maintained an unlawful return-to-work policy and when it failed to reasonably accommodate Mr. Thornton's disability.  If you find for the plaintiff, and if you further find that defendant did act with malice or reckless indifference to the rights of Mr. Thornton, the law allows you to assess punitive damages against U.P.S., as punishment and as a deterrent to other employers. Failure or refusal to engage in the interactive process is evidence of reckless indifference to an individual's federally protected rights that supports an award of punitive damages. If you find that punitive damages should be assessed against U.P.S., you may consider the financial resources or the wealth of the defendant corporation in fixing the amount of punitive damages. Whether to make any award of punitive damages is a matter exclusively within the province of the jury if you unanimously find that a defendant's acts or omissions were with malice or with reckless indifference. Along with considering the purposes for the law, and the conditions under which the law permits awarding punitive damages, you should also keep in mind the requirement of the law that the amount of such punitive damages, when awarded, must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case. 42 U.S.C. §1981a; Kolstad v. American Dental Ass'n, 119 S. Ct. 2118, 2124 (1999).

**Bias of Officials as Witnesses --** Several of the witnesses are still employed by the Defendant and hence are interested witnesses in the outcome of this case.  Their relationship with and employment by the Defendant are matters for you to consider, together with your observation of the witnesses and the testimony you have heard, in

determining whether they are biased in favor of the defendant, and what weight you will give to their testimony.

**Compensatory Damages  --** The fact that the plaintiff's rights are found to have been violated, as a matter of law entitles him to actual damages.  Therefore, if you decide for the plaintiff on the issue of liability, you must then fix the amount of money damages, in addition to lost wages, that will reasonably and fairly compensate him for any harm which the wrongful conduct of the defendants was a substantial factor in bringing about.

Among the elements of injury and harm which you should consider are:

> 1. Any physical harm to the plaintiff due to the Defendant's conduct, including ill health, physical pain, disability, or discomfort.
> 2. Any emotional and mental harm to the plaintiff due to the Defendant's conduct, including fear, humiliation, and mental anguish, and any emotional harm, fear, or mental anguish that plaintiff will, with reasonable certainty, suffer in the future.  This measure of damages is commonly known as emotional distress damages.

**Emotional Distress Damages – Specifically**--In determining the plaintiff's damages for emotional distress, you are to fairly compensate him for past, present and future pain and suffering associated with his emotional distress including compensation for mental anguish, humiliation, nervous shock, emotional disturbance, fright, terror, alarm and anxiety. You may include in your award any amount that you feel will fairly compensate the plaintiff for deterioration of his health, for future medical psychiatric and counseling expenses, and for impairment of his future earning capacity resulting from the emotional distress.

**Interest --** If you have determined that compensatory damages should be awarded to the plaintiff, you must also decide whether to award interest.  This lawsuit was begun years ago, and you may award interest on the sum which you have decided is an appropriate compensatory damage award, from that time to the present.  Whether you do award interest should depend upon whether you conclude that interest is necessary to compensate the plaintiff fully for any injury suffered, bearing in mind that the plaintiff have not had the use of the damages you award during the time this litigation has been pending.  If you do award interest, the actual sum will be computed by the clerk at the rate provided by the law.[1]

---

[1] *Furtado v. Bishop*, 604 F.2d 80 (1st Cir. 1980)

Respectfully Submitted,
Charlie Thornton
By his attorneys

DATED: February 4, 2008                    //s// Michael Tumposky
                                           Stephen Hrones
                                           BBO No. 242860
                                           Michael Tumposky
                                           BBO No. 660618
                                           Hrones, Garrity & Hedges
                                           Lewis Wharf –Bay 232
                                           Boston, MA 02110
                                           (617) 227-4019

## CERTIFICATE OF SERVICE

I, Michael Tumposky, hereby certify that, on this the 4th day of February, 2008, I served a copy of this document, where unable to do so electronically, by first-class mail on all counsel of record in this matter.

                                           //s// Michael Tumposky
                                           Michael Tumposky