UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
CHARLIE THORNTON,              )
    Plaintiff,                      )
                                       ) CIVIL ACTION NO.: 05-10210-RGS
    v.                              )
                                       )
UNITED PARCEL SERVICE, INC.,)
    Defendant.                      )
_____)

**MOTION IN LIMINE TO EXCLUDE COLLATERAL SOURCE EVIDENCE**

Now comes the Plaintiff, Charlie Thornton, and hereby moves to prohibit counsel for the Defendant from admitting evidence of any collateral source payments and to order counsel to instruct his witnesses not to mention any such payments. As grounds therefore, the Plaintiff states the following:

1. The Defendant intends to offer evidence of payments made to the Plaintiff by Worker Compensation insurers and as well as unemployment and social security benefits. It intends to admit this evidence solely on the issue of damages.

2. This evidence is inadmissible under federal law. England v. Reinauer Transp. Cos., L.P., 194 F.3d 265, 274 (1st Cir. 1999) (Under the collateral source rule, "evidence of collateral benefits offered to show that an employee has already received compensation for his injuries is generally inadmissible.")

3. The Massachusetts rule also holds that compensation received from a third party is not admissible to diminish an injured party's recovery from that tortfeasor. Jones v. Wayland, 374 Mass. 249, 262 (1978); Goldstein v. Gontarz, 364 Mass. 800, 809 (1974).

4. The rule is based on "the rationale that if there is to be a 'windfall,' such benefit should accrue to the injured party rather than to the wrongdoer." Jones, 374 Mass. at 262.

5. The risk of unfair prejudice from the admission of this type of evidence is high because "a jury, informed…that a plaintiff has recourse to first party insurance proceeds, may be unduly inclined to return either a defendant's verdict or an artificially low damage award." Fitzgerald, 177 F.3d at 75.

**WHEREFORE**, the Plaintiff respectfully requests that this Court exclude all collateral source evidence.

Respectfully Submitted,<br>
Charlie Thornton<br>
By his attorneys

DATED: February 4, 2008

//s// Michael Tumposky
Stephen Hrones
BBO No. 242860
Michael Tumposky
BBO No. 660618
Hrones, Garrity & Hedges
Lewis Wharf –Bay 232
Boston, MA 02110
(617) 227-4019

## LOCAL RULE 7.1 CERTIFICATION

Undersigned counsel certifies that the parties have conferred and have attempted in good faith to resolve or narrow the issue.

//s// Michael Tumposky
Michael Tumposky

**CERTIFICATE OF SERVICE**

      I, Michael Tumposky, hereby certify that, on this the 4th day of February, 2008, I served a copy of this document, where unable to do so electronically, by first-class mail on all counsel of record in this matter.

                                                    //s// Michael Tumposky
                                                  Michael Tumposky