UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES THORNTON,<br>      Plaintiff | ]<br>] |
| | ]  C.A. NO. 05-10210-RGS |
| v. | ] |
| | ] |
| UNITED PARCEL SERVICE, INC.,<br>      Defendant | ]<br>] |

## DEFENDANT'S MOTION IN LIMINE PRECLUDING ANY TESTIMONY ABOUT A 1993 EEOC/MCAD CHARGE AND ANY ALLEGED "1995 AGREEMENT"

Defendant United Parcel Service ("UPS") moves to preclude any evidence about an alleged agreement that arose from Mr. Thornton's 1993 charge of discrimination. See Amended Complaint, ¶¶ 6-11. Such an agreement is not relevant to any of the timely issues in this case, would be confusing to the jury and prejudicial to UPS.

No lawsuit was filed arising out of the 1993 charge of discrimination and it was not even mentioned in Mr. Thornton's administrative charges filed in 2000 and 2001. See Tabs A and B, respectively. In response to discovery requests, Mr. Thornton did not produce any "agreement" and stated: "The Plaintiff does not possess any such documents other than the ADA checklist already provided." Response 2 to UPS's Second Request for Documents (February 10, 2006), attached as Tab C. The "ADA checklist" is not the 1995 agreement referred to in the Amended Complaint.

Mr. Thornton's complaint alleges only violations of the Americans with Disabilities Act (ADA) and Massachusetts General Laws chapter 151B, arising out of his 2000 and 2001 administrative charges, both dismissed as lacking probable cause. He has not pled a breach of contract claim. Evidence and testimony about a so-called 1995 agreement has no relevance to

1

either of those charges. Moreover, Mr. Thornton has not produced any document relating to this Agreement, nor does he allege that such a document exists. The best evidence rule requires that where the contents of a document are to be proved, the party must either produce the original document or show a sufficient excuse for its nonproduction. See Fed. R. Evid. 1004; see also Alexander v. Immigration and Naturalization Service, 74 F.3d 367, 369 (1st Cir. 1996) ("Indeed, the whole tendency of the law of evidence governing documents is to demand the original if available but to forgive its absence if explained.").

Discussion of or reference to an agreement in 1995 would be prejudicial to UPS in that it could tend to cause the jury to believe that UPS had admitted misconduct at a long-distant point in the past, ten years and more before this suit was filed, about which UPS is unable to produce a witness. In addition, discussion of events in the early 1990s would tend to confuse a case that already will span several years and several different discrete events. Thus, the Court should preclude any such evidence because it has no probative value and would be highly prejudicial to UPS. See F. R. Ev. 403.

UNITED PARCEL SERVICE, INC.

By its attorneys,

/s/ Elizabeth A. Kowal
Barry J. Waters, BBO #645595
bwaters@murthalaw.com
Elizabeth A. Kowal, BBO #646326
ekowal@murthalaw.com
Murtha Cullina LLP
99 High Street
Boston, MA 02110
617-457-4000

## **CERTIFICATE OF SERVICE**

I, Elizabeth A. Kowal, hereby certify that I have on this 4th day of February, 2008, electronically filed Defendant's Motion in Limine to Precluding Any Testimony About a 1993 EEOC/MCAD Charge and Any Alleged "1995 Agreement" with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Michael L. Tumposky, Esq.
tumposky@masscriminallawyer.com
Stephen B. Hrones, Esq.
hrones@masscriminallawyer.com
Hrones, Garrity & Hedges, LLP
Lewis Wharf - Bay 232
Boston, MA 02110

/s/ Elizabeth A. Kowal

The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Boston, MA 02108

07-27-2000

Ups
CHIEF EXECUTIVE OFFICER
BRICKLIN RD.
Chelmsford, MA 01821

RE: Charlie L. Thornton
vs.: Ups
Docket No: 00132272
EEOC/HUD No:

Dear Sir/Madam:

Please be advised that the Massachusetts Commission Against Discrimination (MCAD) has received the above referenced complaint of discrimination which alleges that you have committed an act of discrimination. A copy of that complaint is enclosed.

State law requires the Commission to impartially review the allegations in that complaint. The Commission has assigned one of its staff, Edward Cassella, to investigate the complaint. This MCAD investigator will keep the parties informed of developments arising from that investigation.

State law requires that you submit a formal written answer to the complaint in the form of a Position Statement. This written answer should be submitted to MCAD Investigator within twenty-one (21) days of receipt of this notification. A copy must also be forwarded to the Complainant at the address listed on the enclosed complaint.

In order to reduce the time necessary to investigate and resolve complaints of discrimination, the MCAD schedules an Investigative Conference with the parties shortly after the complaint is filed. Information about that Conference is included with this notice.

An Investigative Conference regarding the above complaint will be held at the Commission's Offices, One Ashburton Place, Boston, MA 02108, at 10:30AM on 10-16-2000. You are required to attend this Conference.

The important purpose of this Conference will be to determine whether the parties are willing to consider a rapid, informal and voluntary resolution of this dispute. The Commission encourages such resolutions as an alternative to the often lengthy and expensive litigation process.

If you have any questions pertaining to the Investigative Conference, please contact Edward Cassella at (617) 727-3990 Ext. 3079.

Sincerely,

Edward Cassella
Investigator

From: MCAD Complaint; Ltr.to.Resp

UPS1527

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

|  |  |
|---|---|
| Ups<br>CHIEF EXECUTIVE OFFICER<br>BRICKLIN RD.<br>Chelmsford, MA 01821 | PERSON FILING CHARGE:<br>    Charlie L. Thorn<br>THIS PERSON (Check One):<br>    ( ) Claims to be aggrieved<br>    ( ) Is filing on behalf of<br>DATE OF ALLEGED VIOLATION:<br>    07/17/00<br>PLACE OF ALLEGED VIOLATION:<br>    BILLERICA<br>EEOC CHARGE NUMBER:<br><br>FEPA CHARGE NUMBER:<br>    00BEM2272 |

---

NOTICE OF CHARGE OF DISCRIMINATION WHERE AN FEP AGENCY WILL INITIALLY PROCESS
       (See Attached Information Sheet For Additional Information)

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

    [ ] Title VII of the Civil Rights Act of 1964
    [ ] The Age Discrimination in Employment Act of 1967 (ADEA)
    [ ] The Americans Disabilities Act (ADA)

HAS BEEN RECEIVED BY
    [ ] The EEOC and sent for initial processing to  MCAD
                                                    (FEP Agency)
    [X] The Mass. Commission Against Discrimination
        (FEP Agency) and sent to the EEOC for dual filing purposes.

While the EEOC has jurisdiction (upon the expiration of any deferral requirements if this is a Title VII or ADA Charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the Agency and the Commission. This likelihood is increased by your active cooperation with the Agency.

[X]    As a party to the charge, you may request that EEOC review the final
       decision and order of the above named Agency. For such a request to be
       honored, you must notify the Commission in writing within 15 days of
       your receipt of the Agency's issuing a final finding and order. If
       the agency terminates its proceedings without issuing a final
       finding and order, you will be contacted further by the Commission.
       Regardless of whether the Agency or the Commission processes the
       charge, the Recordkeeping and Non-Retaliation provisions of Title VII
       and the ADEA as explained on the second page of this form apply.

UPS1528

For further correspondence on this matter, please use the charge number(s) shown.
[ ] An Equal Pay Act Investigation (29 U.S.C 206(d) will be conducted by the Commission concurrently with the Agency's investigation of the charge.
[X] Enclosure: Copy of the Charge

---

Basis of Discrimination:
( ) Race        ( ) Color       ( ) Sex         ( ) Religion      ( ) National Origin
( ) Age         ( ) Disability  ( ) Retaliation ( ) Other

---

Circumstances of alleged violation:
SEE ENCLOSED COPY OF THE CHARGE OF DISCRIMINATION (or EEOC FORM 5)

---

| Date | Type Name/Title of Authorized EEOC Official | Signature |
|---|---|---|
| 07/27/00 | Robert L. Sanders, Director | |

Form:131

UPS1529

The Commonwealth of Massachusetts
Commission Against Discrimination

*16CA02340*

DOCKET NUMBER:00132272                    EEOC/HUD NUMBER:
FILING DATE:07-27-2000                    VIOLATION DATE:07/17/00

Name of Aggrieved Person or Organization:
Charlie L. Thornton
6 Pinedale St.
Billerica, MA 01821
Telephone Number: (978) 667-0305

Named is the employer, labor organization, employment agency, or state/local government agency who discriminated against me:
Ups
CHIEF EXECUTIVE OFFICER
BRICKLIN RD.
Chelmsford, MA 01821
Telephone Number:(978) 441-1356    No. of Employees:20 +

Work Location:

Cause of Discrimination based on:
Disability
Disability
Age.
(Back injury or problem (e.g. removed disc)
Disability, unspecified or general
Age of Complainant, specified).

The particulars are:
I, Charlie L. Thornton, the Complainant believe that I was discriminated against by Ups, on the basis of Disability Disability Age. This is in violation of M. G. L. Chapter 151B S4 P16.

SEE ATTACHED.

I swear or affirm that I have read this complaint and that it is true to the best of my knowledge, information and belief.

(Signature of Complainant)

SWORN TO AND SUBSCRIBED BEFORE ME THIS 27th Day of July, 2000

NOTARY PUBLIC: JEROME E. MACK

SIGNATURE   NOTARY   PUBLIC: Jerome E. Mack   MY   COMMISSION
EXPIRES: 7/14/06

## FACTS

I feel I have been discriminated against based on my disability and my age (54), by the Respondent UPS.

I began working for the Respondent in 1968. On May 5, 2000, I was informed by the Respondents medical doctor that I had an on the job related shoulder injury and would need surgery, and I could not return to truck driving until I had the procedure done.

On or about July 10, 2000, I went to my private doctor for a second opinion. My doctor informed me that I could return to work until I had the surgery done. I provided written documentation of my doctor's decision to the Respondent. The Respondent continued to deny me the right to drive a truck, I then made a request for reasonable accommodation stating "I will do anything" The Respondent denied my request stating, " We don't have anything".

On July 11, 2000, I made a verbal request to the Respondent to have a third party doctor settle the differences in decisions between the Respondents doctor and my private doctor. The Labor department denied my request on July 25, 2000.

On or about June 10, 2000, I filled a claim for work mans compensation with Liberty Mutual Insurance. Liberty Mutual Insurance Verbally informed the Respondent, Industrial Accidents department and My Attorney Daniel Murphy, my claim has been denied. I believe the Respondent retaliated against me by denying my request for a third doctor 's opinion, and reasonable accommodation in order to force me to retire. Wherefore, I believe I have been discriminated against based on my disability (Chronic back injury, hand and shoulder on the job related injuries) and my age (54).

*Charlie T. Thornton*

UPS1531

The Commonwealth of Massachusetts
Commission Against Discrimination
1 Ashburton Place, Boston, MA 02108

08-30-2001

United Parcel Service
ATTN: Human Resources
1 Wall St.
Hudson, NH 03051

RE: Charlie Thorton
vs.: United Parcel Service
Docket No: 01132418
EEOC/HUD No:

Dear Sir/Madam:

Please be advised that the Massachusetts Commission Against Discrimination (MCAD) has received the above referenced complaint of discrimination which alleges that you have committed an act of discrimination. A copy of that complaint is enclosed.

State law requires the Commission to impartially review the allegations in that complaint. The Commission has assigned one of its staff, Jeannine Rice, to investigate the complaint. This MCAD investigator will keep the parties informed of developments arising from that investigation.

State law requires that you submit a formal written answer to the complaint in the form of a Position Statement. This written answer should be submitted to MCAD Investigator within twenty-one (21) days of receipt of this notification. A copy must also be forwarded to the Complainant at the address listed on the enclosed complaint.

In order to reduce the time necessary to investigate and resolve complaints of discrimination, the MCAD schedules an Investigative Conference with the parties shortly after the complaint is filed. Information about that Conference is included with this notice.

An Investigative Conference regarding the above complaint will be held at the Commission's Offices, 1 Ashburton Place, Boston, MA 02108, at 10:30AM on 11-13-2001. You are required to attend this Conference.

The important purpose of this Conference will be to determine whether the parties are willing to consider a rapid, informal and voluntary resolution of this dispute. The Commission encourages such resolutions as an alternative to the often lengthy and expensive litigation process.

If you have any questions pertaining to the Investigative Conference, please contact Jeannine Rice at (617) 727-3990 Ext. 4091.

Sincerely,

Jeannine Rice
Investigator

From: MCAD Complaint; Ltr.to.Resp

UPS1479

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

PERSON FILING CHARGE:
    Charlie Thorton
THIS PERSON (Check One):
    ( ) Claims to be aggrieved
    ( ) Is filing on behalf of
DATE OF ALLEGED VIOLATION:
    03/05/01

United Parcel Service
ATTN: Human Resources
1 Wall St.
Hudson, NH 03051

PLACE OF ALLEGED VIOLATION:
    Middlesex
EEOC CHARGE NUMBER:

FEPA CHARGE NUMBER:
    01BEM2418

---

NOTICE OF CHARGE OF DISCRIMINATION WHERE AN FEP AGENCY WILL INITIALLY PROCESS
    (See Attached Information Sheet For Additional Information)

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

    [ ] Title VII of the Civil Rights Act of 1964
    [ ] The Age Discrimination in Employment Act of 1967 (ADEA)
    [ ] The Americans Disabilities Act (ADA)

HAS BEEN RECEIVED BY
    [ ] The EEOC and sent for initial processing to __MCAD__
                                                       (FEP Agency)
    [X] The __Mass. Commission Against Discrimination__
        (FEP Agency) and sent to the EEOC for dual filing purposes.

While the EEOC has jurisdiction (upon the expiration of any deferral requirements if this is a Title VII or ADA Charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the Agency and the Commission. This likelihood is increased by your active cooperation with the Agency.

[X] As a party to the charge, you may request that EEOC review the final decision and order of the above named Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's issuing a final finding and order. If the agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission. Regardless of whether the Agency or the Commission processes the charge, the Recordkeeping and Non-Retaliation provisions of Title VII and the ADEA as explained on the second page of this form apply.

For further correspondence on this matter, please use the charge number(s) shown.
[ ]  An Equal Pay Act Investigation (29 U.S.C 206(d) will be conducted by the Commission concurrently with the Agency's investigation of the charge.
[X]  Enclosure: Copy of the Charge

---

Basis of Discrimination:
( )Race       ( )Color       ( )Sex          ( )Religion     ( )National Origin
( )Age        ( )Disability  ( )Retaliation  ( )Other

---

Circumstances of alleged violation:
SEE ENCLOSED COPY OF THE CHARGE OF DISCRIMINATION (or EEOC FORM 5)

---

| Date | Type Name/Title of Authorized EEOC Official | Signature |
|---|---|---|
| 08/30/01 | Robert L. Sanders, Director | |

Form:131

UPS1481

The Commonwealth of Massachusetts
Commission Against Discrimination

16CA12574

DOCKET NUMBER: 01132418                      EEOC/HUD NUMBER:
FILING DATE: 08-30-2001                      VIOLATION DATE: 03/05/01

-------------------------------------------------------------

Name of Aggrieved Person or Organization:
Charlie Thorton
6 Pinedale Ave
Billerica, MA 01821
Telephone Number: (978)667-0305

-------------------------------------------------------------

Named is the employer, labor organization, employment agency, or state/local government agency who discriminated against me:
United Parcel Service
ATTN: Human Resources
1 Wall St.
Hudson, NH 03051
Telephone Number:           No. of Employees: 20 +

Work Location: Chelmsford, MA

-------------------------------------------------------------

Cause of Discrimination based on:
Disability.
(Back injury or problem (e.g. removed disc)).

-------------------------------------------------------------

The particulars are:
I, Charlie Thorton, the Complainant believe that I was discriminated against by United Parcel Service, on the basis of Disability. This is in violation of M. G. L. Chapter 151B S4 P16.

I have been employeed with United Parcel Service for approximately thirty-three years. I suffer from chronic lower back pain. After being on light duty (driving only), I went for a check-up exam and recieved a review from the doctor saying that my light duty was still active. UPS interpreted the note (attached) as saying that I can do anything except lifting heavy things. They began to give me more duties as a result of this. On 03/05/01, I was sent to Buffalo on a duty. While in Buffalo, because of the extensive driving, I needed to seek medical attention immediately. I believe that I was discriminated against because my disability restrictions were misinterrpreted and I was doing jobs that I was not physically able to do.

-------------------------------------------------------------

I swear or affirm that I have read this complaint and that it is true to the best of my knowledge, information and belief.

(Signature of Complainant)

SWORN TO AND SUBSCRIBED BEFORE ME THIS 30th Day of August, 2001

NOTARY PUBLIC: Altagracia Mejia
my Commission Expires 2/25/08

UPS1482

In terms of work restrictions, it appears that he has been given permanent work restrictions of no heavy lifting, such as loading and unloading of trucks. These restrictions should stay in position, as they have been effective in allowing him to continue to work on a regular basis. The restrictions do not affect his ability to work full time, including overtime.

In response to the question as to whether his present disability status is causally related to the industrial accident of March 1, 1991, the answer would be "No." He is not considered disabled at this time.

In response to the question as to whether future medical treatment is needed, it is possible that he will need arthroscopic subacromial decompression of the right shoulder in the future if the shoulder symptoms become worse.

In terms of his low back strain, it appears that he has reached maximum medical improvement.

Thank you for the opportunity of evaluating this examinee.

Very truly yours,


_____
Richard B. Hawkins, M.D.
*Orthopedic Surgeon*

RBH/baj    783428/pjp

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES THORNTON,<br>    Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE INC.,<br>    Defendant. | C.A. No. 05-10210-MEL |

### PLAINTIFF THORNTON'S RESPONSES TO
### UNITED PARCEL SERVICE INC.'S SECOND REQUEST FOR DOCUMENTS

**DOCUMENT REQUEST NO. 1:**

Any and all documents relating to your application for Social Security Benefits Insurance, including but not limited to the actual application(s), any accompanying medical records, and the Social Security Administration's decision to award Social Security Disability Benefits.

**RESPONSE 1**:

See Social Security documents attached hereto as Exhibit A.

**DOCUMENT REQUEST NO. 2:**

Any and all documents related to the August 1995 Agreement between you and UPS that you cite to in paragraphs 9-11 of your Complaint.

**RESPONSE 2:**

The Plaintiff does not possess any such documents other than the ADA checklist already provided.

**DOCUMENT REQUEST NO. 3:**

Any and all documents related to any requests for accommodations that you allegedly made to UPS during your employment with UPS.

**RESPONSE 3:**

These documents have already been provided to the Defendant.

**DOCUMENT REQUEST NO. 4:**

Any and all documents related to any request you made for an inside position at UPS (e.g., full time and/or part time car wash, loader/unloader or sorter).

**RESPONSE 4:**

The Plaintiff does not possess any such documents.

**DOCUMENT REQUEST NO. 5:**

Any and all documents related to the bidding process for jobs at UPS.

**RESPONSE 5:**

These documents are already in the Defendant's possession.

**DOCUMENT REQUEST NO. 6:**

Any and all documents related to any physical restriction(s) that were placed upon your ability to work, at any time between January 1995 and the present.

**RESPONSE 6:**

These documents have already been provided to the Defendant.

**DOCUMENT REQUEST NO. 7:**

Any and all documents related to your allegation that some or all of the assignments you bid on and held, between January 1995 and December 2002, were outside the work restrictions that were placed upon you at the time.

**RESPONSE 7:**

Medical records have already been provided to the Defendant and the Defendant is already in possession of the weekly job lists.

|  |  |
|---|---|
| DATED: February 10, 2006 | Respectfully Submitted<br>Plaintiff Charles Thornton<br>By his attorneys,<br><br>_____<br>Stephen Hrones<br>BBO No. 242860<br>Michael Tumposky<br>BBO No. 660618<br>Hrones, Garrity & Hedges<br>Lewis Wharf –Bay 232<br>Boston, MA 02110<br>(617) 227-4019 |

## CERTIFICATE OF SERVICE

I herby certify that, on this the 10th day of February, 2006, I served a copy of this document by first-class mail as follows: Laurie Alexander-Krom, Murtha Cullina, 99 High Street, Boston, MA 02110.

_____
Michael Tumposky