UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHARLES THORNTON, | ] | |
| Plaintiff | ] | |
| | ] | C.A. NO. 05-10210-RGS |
| v. | ] | |
| | ] | |
| UNITED PARCEL SERVICE, INC., | ] | |
| Defendant | ] | |

## DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF'S EVIDENCE OF ANY PRE-FEBRUARY 2002 CLAIMS UNDER MASACHUSETTS LAW

Defendant United Parcel Service, Inc. ("UPS") moves to preclude any testimony or evidence of any pre-February 2002 claims under Massachusetts law.

In his Memorandum and Order (August 20, 2007), Judge Lasker left hanging by a thread any claim under Mass. Gen. L. 151B, § 9 based on events occurring before February 2002. However, UPS respectfully asserts that the three-year statute of limitations precludes these claims.

First, Mr. Thornton's claims are barred under the "systematic violation" branch of the continuing violation theory because, as discussed elsewhere, there is no evidentiary basis for a claim that a so-called "100% policy ever applied to Mr. Thornton.[1]  There is simply no factual basis upon which a jury could conclude that the "misinterpretation" of Mr. Thornton's medical restrictions in 2000 had anything to do with the application of a so-called "100%" policy. See Memorandum and Order at 10.

Second, there is no factual support for a "serial" violation. A complaint of employment discrimination must be filed with either the Massachusetts Commission Against Discrimination

---

[1] Moreover, even the allegations of the Amended Complaint do not claim that UPS applied the so-called policy to Mr. Thornton after August 2001.  See Amended Complaint, ¶ 53.

("MCAD") or the Equal Employment Opportunities Commission ("EEOC") within 300 days of

the alleged discriminatory act. See Mass Gen. L. ch. 151B, § 5; see also 42 U.S.C. § 12117 & §

2000e-5(c)-(e)(a claim is timely filed within 180 days of the challenged conduct, or if filed

within 300 days if proceedings are initiated in a deferral state). Mr. Thornton filed three claims

with the MCAD, concerning three distinct and discrete issues. Mr. Thornton first filed a claim

with the MCAD in 1993.[2] Mr. Thornton filed a second claim in July 2000 regarding the

disagreement around whether he could drive prior to obtaining surgery and the "forced medical

leave." A copy of that Charge is at Tab A. Mr. Thornton filed third claim in August 2001

alleging that UPS forced him to bid on the Chelmsford to Buffalo route. A copy of that Charge

is attached at Tab B. The MCAD found lack of probable cause in the latter two cases (2000 and

2001) and these claims were dismissed.

A cursory reading of the three charges reveals that they are not related to one another or

to the alleged conduct occurring on or after February 2002. The gravamen of the 1993 charge is

that Mr. Thornton was not allowed to return to work in January 1993 after being out on workers'

compensation because he was taking prescription medication for a lower back strain. He also

alleged that UPS failed to accommodate him by giving him an 8 hour work day.[3] The gravamen

of the 2000 administrative charge is that UPS denied Mr. Thornton's "request for a third doctor's

opinion" (which claim requires an interpretation of the collective bargaining agreement). The

gravamen of the 2001 administrative charge is that Mr. Thornton was "sent to Buffalo" (when in

fact he bid on that route) "and was injured." There is no charge underlying the post-August 2001

conduct articulated in the Amended Complaint, but in Plaintiff's statement of damages, he

alleges that the offending conduct is UPS's failure to provide Thornton with an "inside" job in

---

[2] Plaintiff did not produce and UPS has been unable to locate a copy of Mr. Thornton's 1993 MCAD charge.
[3] Judge Lasker did not even address the 1993 administrative complaint in his Memorandum and Order.

2002. Respectfully, there is no factual basis for Judge Lasker's conclusion that the alleged

timely discriminatory acts have a "substantial relationship" to the earlier alleged violations. See

Memorandum and Order at 9. In 2002, Mr. Thornton lost the legal right to operate commercial

motor vehicles, something that had never been the case before. He is claiming that the

discrimination in 2002 was not allowing him to work inside, whereas the harm claimed in 2000

was not allowing him to drive and the harm in 2001 was allowing him to drive a route that was

too difficult. Moreover, there was a distinct temporal gulf among the 1993, 2000, and 2001

charges and the claims arising after Mr. Thornton failed his DOT examination on September 16,

2002. From March 2001 until September 2002, Mr. Thornton did his job as a tractor trailer

operator without incident. This is not a "continuing violation" of the kind that the cases

discussed in Judge Lasker's summary judgment decision were designed to address. See, e.g.,

Perch v. City of Quincy, 204 F.Supp. 2d 130, 134 (D. Mass. 2002) (same kind of conduct --

failure to grant a LOA -- alleged). This lack of "substantial relationship" alone precludes

assertion of the earlier claims under Massachusetts law.

Lastly, it is entirely fanciful to suggest that Mr. Thornton's "awareness" and duty to

assert his rights was not "triggered" by the events he himself alleges in his Amended Complaint.

He filed three administrative charges. This alone demonstrates his "awareness".

UNITED PARCEL SERVICE, INC.

By its attorneys,

/s/ Elizabeth A. Kowal_____
Barry J. Waters, BBO #645595
bwaters@murthalaw.com
Elizabeth A. Kowal, BBO #646326
ekowal@murthalaw.com
Murtha Cullina LLP
99 High Street

Boston, MA 02110
617-457-4000

4

## CERTIFICATE OF SERVICE

I, Elizabeth A. Kowal, hereby certify that I have on this 4th day of February, 2008,

electronically filed Defendant's Motion in Limine to Preclude Plaintiff's Evidence of Any Claim

for Alleged Damages Based on Events Occurring After August 2001 with the Clerk of Court

using the CM/ECF system which will send notification of such filing to the following:

Michael L. Tumposky, Esq.
tumposky@masscriminallawyer.com
Stephen B. Hrones, Esq.
hrones@masscriminallawyer.com
Hrones, Garrity & Hedges, LLP
Lewis Wharf - Bay 232
Boston, MA 02110


/s/ Elizabeth A. Kowal

**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
One Ashburton Place, Boston, MA 02108

07-27-2000

Ups
CHIEF EXECUTIVE OFFICER
BRICKLIN RD.
Chelmsford, MA 01821

RE:Charlie L. Thornton
vs.:Ups
Docket No:00132272
EEOC/HUD No:

Dear Sir/Madam:

Please be advised that the Massachusetts Commission Against Discrimination (MCAD) has received the above referenced complaint of discrimination which alleges that you have committed an act of discrimination. A copy of that complaint is enclosed.

State law requires the Commission to impartially review the allegations in that complaint. The Commission has assigned one of its staff, Edward Cassella, to investigate the complaint. This MCAD investigator will keep the parties informed of developments arising from that investigation.

State law requires that you submit a formal written answer to the complaint in the form of a Position Statement. This written answer should be submitted to MCAD Investigator within twenty-one (21) days of receipt of this notification. A copy must also be forwarded to the Complainant at the address listed on the enclosed complaint.

In order to reduce the time necessary to investigate and resolve complaints of discrimination, the MCAD schedules an Investigative Conference with the parties shortly after the complaint is filed. Information about that Conference is included with this notice.

An Investigative Conference regarding the above complaint will be held at the Commission's Offices, One Ashburton Place, Boston, MA 2108, at 10:30AM on 10-16-2000. You are required to attend this Conference.

The important purpose of this Conference will be to determine whether the parties are willing to consider a rapid, informal and voluntary resolution of this dispute. The Commission encourages such resolutions as an alternative to the often lengthy and expensive litigation process.

If you have any questions pertaining to the Investigative Conference, please contact Edward Cassella at (617) 727-3990 Ext. 079.

Sincerely,

Edward Cassella
Investigator

From: MCAD Complaint; Ltr.to.Resp

UPS1527

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

PERSON, FILING CHARGE:
    Charlie L. Thorn
THIS PERSON (Check One):
    ( ) Claims to be aggrieved
    ( ) Is filing on behalf of
DATE OF ALLEGED VIOLATION:
    07/17/00

Ups
CHIEF EXECUTIVE OFFICER
BRICKLIN RD.
Chelmsford, MA 01821

PLACE OF ALLEGED VIOLATION:
    . BILLERICA
EEOC CHARGE NUMBER:

FEPA CHARGE NUMBER:
    . 00BEM2272

---

NOTICE OF CHARGE OF DISCRIMINATION WHERE AN FEP AGENCY WILL INITIALLY PROCESS
        (See Attached Information Sheet For Additional Information)

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

    [ ] Title VII of the Civil Rights Act of 1964
    [ ] The Age Discrimination in Employment Act of 1967 (ADEA)
    [ ] The Americans Disabilities Act (ADA)

HAS BEEN RECEIVED BY
    [ ] The EEOC and sent for initial processing to _MCAD_
                                                    (FEP Agency)

    [X] The Mass. Commission Against Discrimination
        (FEP Agency) and sent to the EEOC for dual filing purposes.

While the EEOC has jurisdiction (upon the expiration of any deferral
requirements if this is a Title VII or ADA Charge) to investigate this
charge, EEOC may refrain from beginning an investigation and await the
issuance of the Agency's final findings and orders. These final findings
and orders will be given weight by EEOC in making its own determination as
to whether or not reasonable cause exists to believe that the allegations
made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts
and evidence provided by you to the Agency in the course of its
proceedings will be considered by the Commission when it reviews the
Agency's final findings and orders. In many instances the Commission will
take no further action, thereby avoiding the necessity of an investigation
by both the Agency and the Commission. This likelihood is increased by
your active cooperation with the Agency.

[X]  As a party to the charge, you may request that EEOC review the final
     decision and order of the above named Agency. For such a request to be
     honored, you must notify the Commission in writing within 15 days of
     your receipt of the Agency's issuing a final finding and order.  If
     the agency terminates its proceedings without issuing a final
     finding and order, you will be contacted further by the Commission.
     Regardless of whether the Agency or the Commission processes the
     charge, the Recordkeeping and Non-Retaliation provisions of Title VII
     and the ADEA as explained on the second page of this form apply.

For further correspondence on this matter, please use the charge number(s) shown.

[ ] An Equal Pay Act Investigation (29 U.S.C 206(d) will be conducted by the Commission concurrently with the Agency's investigation of the charge.

[X] Enclosure: Copy of the Charge

---

Basis of Discrimination:
( )Race      ( )Color      ( )Sex      ( )Religion      ( )National Origin
( )Age       ( )Disability ( )Retaliation ( )Other

---

Circumstances of alleged violation:
 SEE ENCLOSED COPY OF THE CHARGE OF DISCRIMINATION (or EEOC FORM 5)

---

| Date | Type Name/Title of Authorized EEOC Official | Signature |
|------|---------------------------------------------|-----------|
| 07/27/00 | Robert L. Sanders, Director | |

---

Form:131

UPS1529

The Commonwealth of Massachusetts
Commission Against Discrimination

*16CA02340*

| DOCKET NUMBER:00132272 | EEOC/HUD NUMBER: |
|---|---|
| FILING DATE:07-27-2000 | VIOLATION DATE:07/17/00 |

------------------------------------------------------------

Name of Aggrieved Person or Organization:
Charlie L. Thornton
6 Pinedale St.
Billerica, MA 01821
Telephone Number: (978) 667-0305

------------------------------------------------------------

Named is the employer, labor organization, employment agency, or state/local
government agency who discriminated against me:
Ups
CHIEF EXECUTIVE OFFICER
BRICKLIN RD.
Chelmsford, MA 01821
Telephone Number:(978) 441-1356        No. of Employees:20 +

Work Location:

------------------------------------------------------------

Cause of Discrimination based on:
Disability
Disability
Age.
(Back injury or problem (e.g. removed disc)
Disability, unspecified or general
Age of Complainant, specified).

------------------------------------------------------------

The particulars are:
I, Charlie L. Thornton, the Complainant believe that  I  was
discriminated against by Ups, on the basis of  Disability Disability
Age. This is in violation of M. G. L. Chapter 151B S4 P16.

SEE ATTACHED.

------------------------------------------------------------

I swear or affirm that I  have read  this complaint  and that  it is
true to the best of my knowledge, information and belief.

(Signature of Complainant)

SWORN TO AND SUBSCRIBED BEFORE ME THIS 27th Day of July, 2000

NOTARY PUBLIC: *JEROME E. MACK*

SIGNATURE    NOTARY    PUBLIC: MY    COMMISSION
EXPIRES:  7/14/06

UPS1530

## FACTS

I feel I have been discriminated against based on my disability and my age (54), by the Respondent UPS.

I began working for the Respondent in 1968.On May 5, 2000, I was informed by the Respondents medical doctor that I had an on the job related shoulder injury and would need surgery, and I could not return to truck driving until I had the procedure done.

On or about July 10, 2000, I went to my private doctor for a second opinion. My doctor informed me that I could return to work until I had the surgery done. I provided written documentation of my doctor's decision to the Respondent. The Respondent continued to deny me the right to drive a truck, I then made a request for reasonable accommodation stating "I will do anything" The Respondent denied my request stating, " We don't have anything".

On July 11, 2000, I made a verbal request to the Respondent to have a third party doctor settle the differences in decisions between the Respondents doctor and my private doctor. The Labor department denied my request on July 25, 2000.

On or about June 10, 2000, I filled a claim for work mans compensation with Liberty Mutual Insurance. Liberty Mutual Insurance Verbally informed the Respondent, Industrial Accidents department and My Attorney Daniel Murphy, my claim has been denied. I believe the Respondent retaliated against me by denying my request for a third doctor 's opinion, and reasonable accommodation in order to force me to retire. Wherefore, I believe I have been discriminated against based on my disability (Chronic back injury, hand and shoulder on the job related injuries) and my age (54).

The Commonwealth of Massachusetts
Commission Against Discrimination
1 Ashburton Place, Boston, MA 02108

08-30-2001

United Parcel Service
ATTN: Human Resources
1 Wall St.
Hudson, NH 03051

RE:Charlie Thorton
vs.:United Parcel Service
Docket No:01132418
EEOC/HUD No:

Dear Sir/Madam:

Please be advised that the Massachusetts Commission Against
Discrimination (MCAD) has received the above referenced complaint of
discrimination which alleges that you have committed an act of
discrimination. A copy of that complaint is enclosed.

State law requires the Commission to impartially review the
allegations in that complaint. The Commission has assigned one of
its staff, Jeannine Rice, to investigate the complaint. This MCAD
investigator will keep the parties informed of developments arising
from that investigation.

State law requires that you submit a formal written answer to the
complaint in the form of a Position Statement. This written answer
should be submitted to MCAD Investigator within twenty-one (21) days
of receipt of this notification. A copy must also be forwarded to
the Complainant at the address listed on the enclosed complaint.

In order to reduce the time necessary to investigate and resolve
complaints of discrimination, the MCAD schedules an Investigative
Conference with the parties shortly after the complaint is filed.
Information about that Conference is included with this notice.

An Investigative Conference regarding the above complaint will be
held at the Commission's Offices, 1 Ashburton Place, Boston, MA
02108, at 10:30AM on 11-13-2001. You are required to attend this
conference.

The important purpose of this Conference will be to determine
whether the parties are willing to consider a rapid, informal and
voluntary resolution of this dispute. The Commission encourages such
resolutions as an alternative to the often lengthy and expensive
litigation process.

If you have any questions pertaining to the Investigative
Conference, please contact Jeannine Rice at (617) 727-3990 Ext.
4091.

Sincerely,

Jeannine Rice
Investigator

From: MCAD Complaint; Ltr.to.Resp

UPS1479

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

PERSON FILING CHARGE:
    Charlie Thorton
THIS PERSON (Check One):
    ( ) Claims to be aggrieved
    ( ) Is filing on behalf of
DATE OF ALLEGED VIOLATION:
    03/05/01
PLACE OF ALLEGED VIOLATION:
    Middlesex
EEOC CHARGE NUMBER:

FEPA CHARGE NUMBER:
    01BEM2418

United Parcel Service
ATTN: Human Resources
1 Wall St.
Hudson, NH 03051

---

**NOTICE OF CHARGE OF DISCRIMINATION WHERE AN FEP AGENCY WILL INITIALLY PROCESS**
(See Attached Information Sheet For Additional Information)

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

    [ ] Title VII of the Civil Rights Act of 1964
    [ ] The Age Discrimination in Employment Act of 1967 (ADEA)
    [ ] The Americans Disabilities Act (ADA)

HAS BEEN RECEIVED BY
    [ ] The EEOC and sent for initial processing to __MCAD__
                                       (FEP Agency)

    [X] The <u>Mass. Commission Against Discrimination</u>
        (FEP Agency) and sent to the EEOC for dual filing purposes.

While the EEOC has jurisdiction (upon the expiration of any deferral requirements if this is a Title VII or ADA Charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the Agency and the Commission. This likelihood is increased by your active cooperation with the Agency.

[X] As a party to the charge, you may request that EEOC review the final decision and order of the above named Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's issuing a final finding and order. If the agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission. Regardless of whether the Agency or the Commission processes the charge, the Recordkeeping and Non-Retaliation provisions of Title VII and the ADEA as explained on the second page of this form apply.

[ ]  An Equal Pay Act Investigation (29 U.S.C 206(d) will be conducted by the Commission concurrently with the Agency's investigation of the charge.
[X]  Enclosure: Copy of the Charge

---

Basis of Discrimination:
( ) Race      ( ) Color      ( ) Sex      ( ) Religion      ( ) National Origin
( ) Age       ( ) Disability ( ) Retaliation ( ) Other

---

Circumstances of alleged violation:
SEE ENCLOSED COPY OF THE CHARGE OF DISCRIMINATION (or EEOC FORM 5)

---

| Date | Type Name/Title of Authorized EEOC Official | Signature |
|---|---|---|
| 08/30/01 | Robert L. Sanders, Director | |

---

Form:131

UPS1481

The Commonwealth of Massachusetts
Commission Against Discrimination

/6CA12574

DOCKET NUMBER:01132418                          EEOC/HUD NUMBER:
FILING DATE:08-30-2001                          VIOLATION DATE:03/05/01
--------------------------------------------------------------------------
Name of Aggrieved Person or Organization:
Charlie Thorton
6 Pinedale Ave
Billerica, MA 01821
Telephone Number: (978)667-0305
--------------------------------------------------------------------------
Named is the employer, labor organization, employment agency, or state/local
government agency who discriminated against me:
United Parcel Service
ATTN: Human Resources
1 Wall St.
Hudson, NH 03051
Telephone Number:        No. of Employees:20 +

Work Location: Chelmsford, MA
--------------------------------------------------------------------------
Cause of Discrimination based on:
Disability.
(Back injury or problem (e.g. removed disc)).
--------------------------------------------------------------------------
The particulars are:
I, Charlie Thorton, the Complainant believe that I was discriminated
against by United Parcel Service, on the basis of Disability. This
is in violation of M. G. L. Chapter 151B S4 P16.

I have been employed with United Parcel Service for approximately
thirty-three years. I suffer from chronic lower back pain. After
being on light duty (driving only), I went for a check-up exam and
recieved a review from the doctor saying that my light duty was
still active. UPS interpreted the note (attached) as saying that I
can do anything except lifting heavy things. They began to give me
more duties as a result of this. On 03/05/01, I was sent to Buffalo
on a duty. While in Buffalo, because of the extensive driving, I
needed to seek medical attention immediately. I believe that I was
discriminated against because my disability restrictions were
misinterrpreted and I was doing jobs that I was not physically able
to do.

--------------------------------------------------------------------------
I swear or affirm that I have read this complaint and that it is
true to the best of my knowledge, information and belief.

                                        _Charlie Thorton_
                                        (Signature of Complainant)
SWORN TO AND SUBSCRIBED BEFORE ME THIS 30th Day of August, 2001

NOTARY PUBLIC: _Altagracia Mejici_
        my Commission Expires 7/25/08

UPS1482

CONCENTRA MEDICAL

MORTON, CHARLIE
JANUARY 20, 2001
PAGE 3

In terms of work restrictions, it appears that he has been given permanent work restrictions of no heavy lifting, such as loading and unloading of trucks. These restrictions should stay in position, as they have been effective in allowing him to continue to work on a regular basis. The restrictions do not affect his ability to work full time, including overtime.

In response to the question as to whether his present disability status is causally related to the industrial accident of March 1, 1991, the answer would be "No." He is not considered disabled at this time.

In response to the question as to whether future medical treatment is needed, it is possible that he will need arthroscopic subacromial decompression of the right shoulder in the future if the shoulder symptoms become worse.

In terms of his low back strain, it appears that he has reached maximum medical improvement.

Thank you for the opportunity of evaluating this examinee.

Very truly yours,


Richard B. Hawkins, M.D.
*Orthopedic Surgeon*

KBH/bss    783423/pjp