UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES THORNTON,<br>　　　Plaintiff<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br>　　　Defendant | ]<br>]<br>]　C.A. NO. 05-10210-RGS<br>]<br>]<br>]<br>] |

## UNITED PARCEL SERVICE INC.'S TRIAL MEMORANDUM

United Parcel Service, Inc. ("UPS") anticipates that the following are foreseeable disputes concerning issues of law.[1]

To prevail on a claim for disability discrimination under both Mass. Gen. L. ch. 151B and ADA claims, Mr. Thornton must put forth sufficient evidence that (1) he suffered from a handicap as defined under Chapter 151B and the ADA; (2) he was nevertheless able to perform the essential functions of his job, with or without a reasonable accommodation, and (3) UPS took an adverse employment action against him because of, in whole or in part, his disability. See Carroll v. Xerox Corp., 294 F.3d 231, 237-238 (1st Cir. 2002). As to his reasonable accommodation claim, Mr. Thornton must show that UPS despite knowing of his alleged disability did not reasonably accommodate it. Id.

　　a.　　Mr. Thornton is not handicapped under the ADA or G.L. c. 151B.

Mr. Thornton claims that he is disabled due to his right shoulder injury and chronic back problem. Simply because Mr. Thornton claims he has an impairment does not make him disabled for purposes of the ADA. See City of New Bedford v. Massachusetts Commission Against Discrimination, 440 Mass. 450, 462 (2003). The ADA defines a handicap as "a physical

---

[1] UPS has raised a number of these issues in its motions in limine.

or mental impairment that substantially limits one or more of the major life activities of such individual." See 42 U.S.C. § 12102 (2). The Supreme Court has held that these terms need to be interpreted strictly to create a demanding standard for qualifying as disabled. See Toyota Motor Manufacturing Kentucky, Inc. v. Ella Williams, 534 U.S. 184, 197 (2002); Benoit v. Technical Manufacturing Corp., 331 F.3d 166, 175 (1st Cir. 2003).

To be substantially limited, "an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." Williams, 534 U.S. at 198. The word "substantial" precludes impairments that interfere in only a minor way. Id. at 196. The EEOC defines substantially limited as leaving the plaintiff: (1) unable to perform a major life activity that the average person in the general population can perform; or (2) significantly restricted as to the condition, manner or duration under which an individual [plaintiff] can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.   See 29 CFR § 1630.2(j)(1)(i)-(ii).

At no time between 2000 and 2002, did Mr. Thornton's shoulder and/or back problems substantially limit a major life activity.[2] Neither a thirty pound and no repetitive lifting restriction, nor the ability to drive a tractor trailer more than 90 minutes at a time, constitutes a major life activity. First, the capacity to perform heavy lifting or to perform repetitive lifting is not a trait shared by the majority of the population and therefore in itself is not a major life activity. See Gillen v. Fallon Ambulance Service, Inc., 283 F.3d 11, 19 (1st Cir. 2002)("if a restriction on heavy lifting were considered a substantial limitation on a major life activity, then the ranks of the disabled would swell to include infants, the elderly, the weak, and the out-of-

---

[2] Judge Lasker's Memorandum and Order (August 20, 2007) on UPS' Motion for Summary Judgment limited Mr. Thornton's ADA claim to the period prior to August 2001.

shape…Congress obviously did not mean to extend the protections of the ADA to every physical impairment that precluded the performance of some particularly difficult manual task"); Williams, 534 U.S. at 201 ("repetitive work with hands and arms extended at or above shoulder levels for extended periods of time…is not an important part of most people's daily lives"); Marinelli v. City of Erie, 216 F.3d 354, 364 (3rd Cir. 2000)(a ten pound lifting restriction did not render plaintiff sufficiently different from the general population such that he is substantially limited in his ability to lift).

With regard to Mr. Thornton's driving restriction, it only affected the amount of driving he could do without a break. The inability to drive more than ninety minutes without taking a break might be a minor inconvenience, but it is not a substantial impairment. See Taylor v. Pathmark Stores Inc., 177 F.3d 180 (3d Cir. 1999)(plaintiff's inability to walk or stand more then fifty minutes without a rest was not a disability).

    b.    There is no evidence that Mr. Thornton was damaged by UPS.

    **1.**    **ADA Claim and G.L. 151B (2000 and 2001)**

Mr. Thornton's claims from 2000-2001 include allegations of "forcing" him to bid for the Buffalo route, on which he was subsequently injured, and UPS alleged refusal to place him in an inside position after he returned to work in March 2001, after being out for one week on workers compensation as a result of injuring himself on the Buffalo route.

While the evidence will show that Mr. Thornton bid on the driving routes he claims he was "forced" into, in any event he cannot show that he is entitled to any damages as a result of driving the Buffalo route. As a result of hurting his back on the Buffalo route, Mr. Thornton missed work for one week and received workers' compensation benefits.

3

Second, Mr. Thornton cannot show that UPS' refusal to place him in an inside job in 2001 caused him damage. The terms and conditions of Mr. Thornton's employment were governed by a collective bargaining agreement ("CBA"). Section ___ of the CBA states that a union employee cannot go from a higher paying position (tractor trailer driver) to a lower paying position (inside job) except for at the annual bid. To the extent that there is a conflict between the accommodation requested and a collective bargaining agreement, Mr. Thornton's request to move inside was not reasonable. Laurin v. Providence Hosp. and Mass. Nursing Ass'n., 150 F.3d 152, 160 (1st Cir. 1998).

### 2. G.L. c. 151B (2002)

Mr. Thornton has made no claims for discrimination while he was driving from January 2002-September 16, 2002, when he failed to obtain his DOT card. Mr. Thornton's claim that he was discriminated against because he was not given an inside job is not viable under Massachusetts law. See Lolos v. Solutia, Inc., 193 F.Supp. 2d 264, 364-72 (D. Mass. 2002). See also UPS' Motion in Limine to Exclude Evidence of Damages After August 2001, filed herewith.

UNITED PARCEL SERVICE, INC.
By its attorneys,

/s/ Elizabeth A. Kowal
Barry J. Waters, BBO #645595
bwaters@murthalaw.com
Elizabeth A. Kowal, BBO #646326
ekowal@murthalaw.com
Murtha Cullina LLP
99 High Street
Boston, MA 02110
617-457-4000

4

## CERTIFICATE OF SERVICE

I, Elizabeth A. Kowal, hereby certify that I have on this 4th day of February, 2008, electronically filed United Parcel Service, Inc.'s Trial Memoranda with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Michael L. Tumposky, Esq.
tumposky@masscriminallawyer.com
Stephen B. Hrones, Esq.
hrones@masscriminallawyer.com
Hrones, Garrity & Hedges, LLP
Lewis Wharf - Bay 232
Boston, MA 02110

/s/ Elizabeth A. Kowal