UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
CHARLIE THORNTON,              )
      Plaintiff,               )
                               ) CIVIL ACTION NO.: 05-10210-RGS
      v.                       )
                               )
UNITED PARCEL SERVICE, INC.,   )
      Defendant.               )
_____)
```

**MOTION IN LIMINE TO ADMIT EVIDENCE POST-CHARGE EVIDENCE**

Now comes the Plaintiff, Charlie Thornton, and hereby moves this Court to admit post-charge evidence in support of his ADA claim and to allow him to recover under the ADA for events which occurred post-charge. As grounds therefore, the Plaintiff states the following:

1. Plaintiff's most recent administrative charge was filed in August of 2001.

2. On cross-motions for summary, the Court determined that the Plaintiff could recover for acts that occurred after he filed his charge, up through and including his "retirement," because they were encompassed by the "scope of the investigation rule." See Memorandum and Order at 5-6.

3. Specifically, Judge Lasker ruled that, under ch. 151B "Thornton's allegations of additional failures to accommodate and adverse employment actions [(post August, 2001)] are merely further instances of the same type of alleged discrimination and fall squarely within the scope of the investigation rule. See Memorandum and Order at 6.

4. Citing AMTRAK v. Morgan, 536 U.S. 101, 114 (2002) and Ledbetter v. Goodyear Tire & Rubber Co., 127 S. Ct. 2162, 2175 (2007), however, Judge

1

   Lasker ruled that the law for the federal claim was different. Therefore, he dismissed Plaintiff's post-charge claims under the ADA, even though he allowed them to go forward under state law.

5. Respectfully, Judge Lasker misinterpreted <u>AMTRAK</u> and <u>Goodyear</u>. Those cases dealt with whether a plaintiff can recover for acts which occur long *before* he files his administrative charge. The issue in this case, decided by the judge in the Plaintiff's favor, was whether the Plaintiff could recover under the ADA for acts which occurred *after* he filed his charge.

6. Given Judge Lasker's ruling that U.P.S.' post-charge conduct fell under the "scope of the investigation rule," the Plaintiff should be entitled to recover for post-charge conduct under both the ADA and ch. 151B.

**WHEREFORE**, the Plaintiff respectfully requests that this Court admit this evidence.

                                                    Respectfully Submitted,
                                                    Charlie Thornton
                                                    By his attorneys

DATED: February 5, 2008                             //s// Michael Tumposky
                                                    Stephen Hrones
                                                    BBO No. 242860
                                                    Michael Tumposky
                                                    BBO No. 660618
                                                    Hrones, Garrity & Hedges
                                                    Lewis Wharf –Bay 232
                                                    Boston, MA 02110
                                                    (617) 227-4019

**CERTIFICATE OF SERVICE**

   I, Michael Tumposky, hereby certify that, on this the 5th day of February, 2008, I served a copy of this document, where unable to do so electronically, by first-class mail on all counsel of record in this matter.

                                                    //s// Michael Tumposky
                                                    Michael Tumposky