UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARLES THORNTON,           ]
    Plaintiff                            ]
                                      ]     C.A. NO. 05-10210-RGS
v.                                        ]
                                      ]
UNITED PARCEL SERVICE, INC., ]
    Defendant                          ]

**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE
TO ADMIT EVIDENCE POST CHARGE EVIDENCE**

Defendant United Parcel Service, Inc., ("UPS") opposes "Plaintiff's Motion in Limine to *Admit* Evidence Post Charge Evidence" (Feb. 5, 2008) (emphasis added). UPS responds to the numbered paragraphs in the Motion as follows:

1.    UPS agrees that Plaintiff filed his most recent administrative charge in August 2001. That is one of several reasons that most of the evidence Plaintiff seeks to offer in this case is inadmissible.

2.    Judge Lasker, in Memorandum and Order (August 20, 2007), *granting* summary judgment in significant part, decidedly did not determine that Plaintiff could "recover for acts" occurring through Plaintiff's voluntary retirement in the summer of 2003.

3.    While Judge Lasker did state that the "post-August 2001 alleged acts of discrimination" are "similar" to those cited in Plaintiff's August 30, 2001 administrative complaint, he left open the question of whether the later claim(s) are time-barred under Massachusetts law. Memorandum and Opinion at 7-10. Judge Lasker's preliminary assessment permitting the Massachusetts post-August 2001 claims to proceed is at best the "law of the case" which should not be followed unless it is correct. See United States v. Rivera-Martinez, 931 F.2d 148, 151 (1st Cir. 1993), cert. denied, 502 U.S. 862 (1993) (An issue, "once decided, should not be reopened 'unless…the decision was clearly erroneous and would work a manifest

injustice.'") (citation omitted).  See also Defendant's Motions in Limine (Feb. 5, 2008). Whether correct or not in his analysis of the claimed "continuing violation", Massachusetts simply did not require UPS to assign Plaintiff to an "inside position".  See St. Laurent v. UPS, 416 F. Supp. 2d 212, 223-24 (2006); Lolos v. Solutia, Inc., 193 F. Supp. 2d 364, 373 (D. Mass. 2002); Russell v. Cooley Dickinson Hosp., Inc., 437 Mass. 443, 454 (2002).   Since it is undisputed that as of September 14, 2002  Plaintiff *by law* could no longer perform his own job of driving a tractor-trailer because he was no longer physically qualified to drive  (See 49 C.F.R. 391.41; 49 C.F.R. 391.43; and 49 C.F.R. 391.45),  he has no triable claim for damages from that date forward.

      4.     Plaintiff correctly states Judge Lasker's ruling on the federal law claims but, as stated above, he misrepresents Judge Lasker's rulings as to the state law claims.

      5.     Judge Lasker correctly ruled that post-August 2001 claims are barred under federal law.  Plaintiff's own citation of Marshall v. Federal Express Corp., 130 F.3d 1095, 1098 (D.C. Cir. 1997) (see Plaintiff's Trial Memorandum (Feb. 5, 2008) at 13) supports this conclusion.  In any event, any challenge to the *granting* of summary judgment must be through an appeal.

      6.     This conclusion is erroneous.

UNITED PARCEL SERVICE, INC.
By its attorneys,

/s/ Elizabeth A. Kowal
Barry J. Waters, BBO #645595
bwaters@murthalaw.com
Elizabeth A. Kowal, BBO #646326
ekowal@murthalaw.com
Murtha Cullina LLP
99 High Street
Boston, MA 02110
617-457-4000

DATED: February 12, 2008

374553v1

2

## CERTIFICATE OF SERVICE

I, Elizabeth A. Kowal, hereby certify that I have this 12th day of February, 2008, electronically filed defendant's Opposition to Plaintiff's Motion in Limine to Admit Evidence Post Charge Evidence with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Michael L. Tumposky, Esq.
tumposky@masscriminallawyer.com
Stephen B. Hrones, Esq.
hrones@masscriminallawyer.com
Hrones, Garrity & Hedges, LLP
Lewis Wharf - Bay 232
Boston, MA 02110

/s/ Elizabeth A. Kowal

Elizabeth A. Kowal