UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES THORNTON, ] | |
|     Plaintiff ] | |
| ] | C.A. NO. 05-10210-RGS |
| v. ] | |
| ] | |
| UNITED PARCEL SERVICE, INC., ] | |
|     Defendant ] | |

**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE**
**TO EXCLUDE COLLATERAL SOURCE EVIDENCE**

The defendant, United Parcel Service, Inc., ("UPS") opposes Plaintiff's "Motion in Limine to Exclude Collateral Source Evidence" (Feb. 5, 2008). *If* Plaintiff is permitted to present *any* evidence of lost pay (which should be precluded entirely), Plaintiff's receipt of a lump sum workers' compensation settlement, his qualification for and receipt of Social Security Disability Insurance benefits ("SSDI") and his receipt of unemployment compensation, would be admissible. First, assuming, *arguendo,* that Plaintiff could make a claim for lost pay following his disqualification as a driver on September 14, 2002 (he cannot), the workers' compensation settlement and qualification for SSDI benefits undercut his claim that he could thereafter perform the essential functions of a job at UPS (or elsewhere). Secondly, to the extent that he can claim lost pay, the receipt of these benefits, and the receipt of unemployment compensation benefits, must be deducted from the lost pay claimed.

1.     <u>Plaintiff has no post-August 2001 claim under federal law and he cannot claim entitlement to an "inside" position under Massachusetts Law</u>.

As the Court (Lasker, J.) ruled on UPS' motion for summary judgment, the only claims that have survived after August 2001 are under Massachusetts law. In his Amended Complaint, Plaintiff claims that UPS failed to provide him with an "inside job" as provided for in the

collective bargaining agreement.  Amended Complaint ¶ 26.  See also ¶¶ 27-28, 38-39, 44-50. Consistent with these allegations, Plaintiff's disclosure of his damages claim required by F. R. Civ. P. 26(a)(1)(C) and Local Rule 16.5 identifies only damages after September 16, 2002 and only as they relate to a theory that Mr. Thornton should have been given an "inside" job moving packages in a UPS warehouse facility.  However, under Massachusetts law, UPS was not required to reassign Mr. Thornton to another position as a reasonable accommodation.  See Lolos v. Solutia, Inc., 193 F. Supp. 2d 364, 369-72 (D. Mass. 2002) (no duty to reassign to vacant position employee who cannot perform the essential functions of the job).  See also St. Laurent v. UPS, 416 F. Supp. 2d 212 (D. Mass. 2006) (court granted summary judgment to defendant in part based on well established MA law that there is no duty to reassign).  Accordingly, Plaintiff is precluded from making a lost pay claim in this case.

    2.    Assuming, *arguendo,* that Plaintiff could make a lost pay claim, the "benefits" evidence would be admissible.

Plaintiff qualified for SSDI as of September 16, 2002, the day that he was disqualified from driving a tractor trailer.  See 49 C.F.R. 391.41 et seq.  Courts have repeatedly held that while an SSDI claim does not bar a subsequent discrimination action, "when faced with a plaintiff's previous sworn statement asserting 'total disability' or the like …[a court] should require an explanation of any apparent inconsistency with the necessary elements of [a handicap discrimination] claim."  Lolos v. Solutia, Inc., 193 F. Supp. 2d 364, 367 (D. Mass 2002) citing Cleveland v. Policy Mgm't Sys. Corp., 526 U.S. 795, 807 (1999).  Here, Mr. Thornton must be required to reconcile assertions on his application for social security disability and his claim that he would have continued to work at UPS after September 16, 2002.

In July 2003, Plaintiff accepted a lump sum settlement of his workers' compensation claim. Under M.G.L. c. 152, § 48, Mr. Thornton is presumed unable to work for UPS until July 2008. Accordingly, he cannot claim any lost pay until July, 2008.

Lastly, to the extent that Plaintiff could claim lost pay, he is entitled to recover, although only once, for what he would have earned, reduced by any compensation (including unemployment compensation) that he actually received during the same period and any additional amount that he would have received through reasonable efforts to mitigate his damages. Mitigation of damages includes receipt of long term disability benefits and social security disability benefits. Blockel v. J.C. Penney Company, Inc., 337 F. 3d 17, 21-22 (1st Cir. 2003). See also 42 U.S.C. § 2000e-5(g)(1); Conway v. Electro Switch Corp., 402 Mass. 385, 389, 523 N.E.2d 255 (1988).

For all of the reasons set forth above, Plaintiff's Motion in Limine to Exclude Collateral Source Evidence should be denied.

UNITED PARCEL SERVICE, INC.

By its attorneys,

/s/ Elizabeth A. Kowal
Barry J. Waters, BBO #645595
bwaters@murthalaw.com
Elizabeth A. Kowal, BBO #646326
ekowal@murthalaw.com
Murtha Cullina LLP
99 High Street
Boston, MA 02110
617-457-4000

**CERTIFICATE OF SERVICE**

      I, Elizabeth A. Kowal, hereby certify that I have this 12th day of February, 2008, electronically filed defendant's Opposition to Plaintiff's Motion in Limine to Exclude Collateral Source Evidence with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Michael L. Tumposky, Esq.
tumposky@masscriminallawyer.com
Stephen B. Hrones, Esq.
hrones@masscriminallawyer.com
Hrones, Garrity & Hedges, LLP
Lewis Wharf - Bay 232
Boston, MA 02110

                                          /s/ Elizabeth A. Kowal