UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES THORNTON,   ] | |
|     Plaintiff   ] | |
| ] | C.A. NO. 05-10210-RGS |
| v.   ] | |
| ] | |
| UNITED PARCEL SERVICE, INC.,   ] | |
|     Defendant   ] | |

**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE
TO EXCLUDE MCAD FINDINGS IN PLAINTIFF'S CASE**

Plaintiff 's motion seeks to exclude the administrative findings relating to *his* two discrimination charges which form the foundation of this case, while at the same time seeking to offer administrative findings in cases not involving Plaintiff. The findings in Plaintiff's own cases are admissible, while the findings in other cases are not.

While the First Circuit has declined to establish a per se rule that administrative agency reports and findings are admissible, the Court has recognized that administrative Findings "may be significant evidence." Smith v. Massachusetts Institute of Technology, 877 F.2d 1106, 1113 (1st Cir.), cert. denied, 439 U.S. 965 (1989). Significantly here, unlike in Smith, UPS seeks only the admission of the Findings, not of the administrative files and reports.

In addition, Fed. R. Evid. 803(8)(c) provides in relevant part:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

…(C) in civil actions and proceedings…factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicates lack of trustworthiness.

There is nothing in the findings of the MCAD that indicates a lack of trustworthiness. Furthermore, Plaintiff's 2000 and 2001 Charges of Discrimination, upon which these Findings are based, must necessarily come into evidence because of the issues of fact left open in Judge Lasker's Memorandum and Order (August 8, 2007) on UPS' Motion for Summary Judgment relating to the three-year statute of limitations on discrimination claims. To allow the jury to have evidence of the Charges of Discrimination, but not the Findings relating to these Charges, would be prejudicial to UPS.

Therefore, the 2002 and 2003 Findings by the MCAD should be admitted into evidence. The jury can be instructed that the Findings are not binding.

UNITED PARCEL SERVICE, INC.

By its attorneys,

/s/ Elizabeth A. Kowal
_____
Barry J. Waters, BBO #645595
bwaters@murthalaw.com
Elizabeth A. Kowal, BBO #646326
ekowal@murthalaw.com
Murtha Cullina LLP
99 High Street
Boston, MA 02110
617-457-4000

## **CERTIFICATE OF SERVICE**

I, Elizabeth A. Kowal, hereby certify that I have this 12th day of February 2008, electronically filed Opposition to Plaintiff's Motion in Limine to Exclude MCAD Findings in Plaintiff's Case with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Michael L. Tumposky, Esq.
tumposky@masscriminallawyer.com
Stephen B. Hrones, Esq.
hrones@masscriminallawyer.com
Hrones, Garrity & Hedges, LLP
Lewis Wharf - Bay 232
Boston, MA 02110

/s/ Elizabeth A. Kowal
_____
Elizabeth A. Kowal