UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES THORNTON,         ] | |
|     Plaintiff         ] | |
| ] | C.A. NO. 05-10210-RGS |
| v.         ] | |
| ] | |
| UNITED PARCEL SERVICE, INC.,   ] | |
|     Defendant         ] | |

**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO ADMIT EVIDENCE OF UPS' KNOWLEDGE THAT A 100% RELEASE POLICY WAS UNLAWFUL**

    United Parcel Service, Inc., ("UPS") opposes plaintiff's "Motion in Limine to Admit Evidence of UPS' Knowledge that a 100% Release Policy was Unlawful" (Feb. 5, 2008). While *opposing* the admission of the administrative dismissals in *this case*, Plaintiff nonetheless seeks the admission of "EEOC determinations and judicial opinions in other cases involving U.P.S. and the alleged 100% release policy". Simply stated, determinations or opinions in other cases are not probative of Plaintiff's claim here and the admission of other determinations or opinions would be highly-prejudicial to UPS.

    UPS denies the very existence of the claimed "100%" policy. Nor can Plaintiff here marshal evidence necessary to prove a "systematic and purposeful" disability discrimination that he was personally subjected to. Plaintiff has no statistical evidence and he has named no expert. He cannot call a few select former employees to the witness stand to testify as to the how *they* were treated.

    Most critically to Plaintiff's stand-alone claim of disability discrimination, there is no evidence that Plaintiff was precluded from working because he was not "100%". In fact, Plaintiff claims that he had a variety of injuries dating to the late 1970s but he

1

continued to drive a tractor-trailer for UPS until September 14, 2002, when he was disqualified from driving under federal law (see 49 C.F.R. 391.41 et seq.) and retired. The evidence will show that Plaintiff returned to work every time after the numerous occasions over the years that he was out of work while claiming workers' compensation benefits.  His own deposition testimony is that he had "drive only" restrictions for a period of some twenty years.  In each circumstance, Mr. Thornton returned to work with medical restrictions, until he lost his qualification to drive in September 2002.  Whether UPS ever refused to permit any other employees to return to work until they were "100%" (which UPS denies) is irrelevant to Mr. Thornton's unique case.  In addition, since this case now only entails claims under Massachusetts law after August 2001, and Massachusetts law does not require UPS to provide Plaintiff with a different job, there are no admissible facts to support Plaintiff's claim, even if, *arguendo,* a matter-or-practice claim could be maintained under the ADA, and such a "policy and practice" ever existed at UPS.

As stated in UPS' Motion in Limine Precluding Any Testimony Regarding a UPS "100% Healed" or "100% Medical Release" Policy (Feb. 5, 2008), Plaintiff here seeks to cobble a pending class action, Hohider v. United Parcel Service, Inc., Civil Action No. 2: 04-00363-JFC (W.D. Pa.), into his case.  In fact, UPS sought to stay the class certification in Hohider because of the several issues of first impression that case involves, including whether the plaintiffs can even litigate their ADA claims under a pattern-or-practice framework because of the highly individualized nature of the ADA inquiry.  On February 8, 2008, the Third Circuit Court of Appeals granted UPS' motion to stay.  Hohider v. UPS, 07-4588 (3rd Cir. Feb. 8, 2008).  There is no precedent in the

First Circuit for a pattern-or-practice case under the section of the ADA that covers private employment discrimination.

          UNITED PARCEL SERVICE, INC.

          By its attorneys,

          /s/ Elizabeth A. Kowal
          _____
          Barry J. Waters, BBO #645595
          bwaters@murthalaw.com
          Elizabeth A. Kowal, BBO #646326
          ekowal@murthalaw.com
          Murtha Cullina LLP
          99 High Street
          Boston, MA 02110
          617-457-4000

## **CERTIFICATE OF SERVICE**

      I, Elizabeth A. Kowal, hereby certify that I have this 12th day of February 2008, electronically filed defendant's Opposition to Plaintiff's Motion in Limine to Admit Evidence of UPS' Knowledge That a 100% Release Policy Was Unlawful with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:


Michael L. Tumposky, Esq.
tumposky@masscriminallawyer.com
Stephen B. Hrones, Esq.
hrones@masscriminallawyer.com
Hrones, Garrity & Hedges, LLP
Lewis Wharf - Bay 232
Boston, MA 02110

                                                /s/ Elizabeth A. Kowal

                                                Elizabeth A. Kowal