UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES THORNTON,        ]<br>    Plaintiff            ]<br>                                ]  C.A. NO. 05-10210-RGS<br>v.                              ]<br>                                ]<br>UNITED PARCEL SERVICE, INC.,  ]<br>    Defendant          ] | |

**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF COLLECTIVE BARGAINING AGREEMENT**

    Mr. Thornton is seeking to exclude evidence of the collective bargaining agreement between the Teamsters (of which Mr. Thornton is a member) "as an explanation why UPS failed to offer a particular accommodation" to him. He further seeks to disallow UPS witnesses to mention "any such evidence." As the evidence will show, Mr. Thornton was a tractor-trailer driver for UPS and virtually all of the terms and conditions of his employment were governed by the Collective Bargaining Agreement ("CBA"), including the routes that Mr. Thornton bid on and received. Most of the evidence presented in this case will consist of bids that Mr. Thornton made between 2000 and 2002 when he was disqualified under federal law from driving a commercial vehicle. The evidence will show that he voluntarily chose the routes he now claims he was "assigned" and his seniority under the CBA provided him with a very wide berth in selecting his routes. The evidence will also show that, in the Spring of 2000, he was not permitted to drive, and when he returned to driving in September 2000, his eligibility to drive was determined through the "third doctor" procedure of the CBA.

    While it is not at all clear what "particular accommodations" Mr. Thornton is referring to, to the extent that he suggests that he was entitled to a reassignment of positions, as briefed elsewhere, that claim is not available under Massachusetts law nor is it available under federal law after August 2001. With respect to any claim under federal law before August 2001, the

1

ADA does not require an employer to take action inconsistent with the contractual rights of other workers under a CBA.  <u>Laurin v. Providence Hospital and Mass. Nurses Ass'n</u>, 150 F.3d 52, 60 (1st Cir. 1998), so the CBA provisions are directly relevant.

Indeed, any request for reassignment is per se an unreasonable accommodation where it would force employers to violate the provisions of a CBA or other employees' rights.  <u>US Airways, Inc. v. Barnett</u>, 535 U.S. 391 (2002) (ordinarily the ADA does not require reassignment where that assignment would violate the terms of a CBA); <u>Feliciano v. Rhode Island</u>, 160 F.3d 780, 787 (1st Cir. 1998); <u>see</u> <u>also</u> <u>Laurin</u> 150 F.3d at 60 (waiving a shift rotation requirement would burden other nurses and violate the employer's CBA obligations).

As such, Mr. Thornton's motion in limine is in direct conflict with the law and should be denied.

                                     UNITED PARCEL SERVICE, INC.
                                     By its attorneys,

/s/ Elizabeth A. Kowal
Barry J. Waters, BBO #645595
bwaters@murthalaw.com
Elizabeth A. Kowal, BBO #646326
ekowal@murthalaw.com
Murtha Cullina LLP
99 High Street
Boston, MA 02110
617-457-4000

**CERTIFICATE OF SERVICE**

      I, Elizabeth A. Kowal, hereby certify that I have this 13th day of February, 2008, electronically filed defendant's Opposition to Plaintiff's Motion in Limine to Exclude Evidence of Collective Bargaining Agreement with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Michael L. Tumposky, Esq.
tumposky@masscriminallawyer.com
Stephen B. Hrones, Esq.
hrones@masscriminallawyer.com
Hrones, Garrity & Hedges, LLP
Lewis Wharf - Bay 232
Boston, MA 02110

                                                                  /s/ Elizabeth A. Kowal
                                                                 Elizabeth A. Kowal