UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
CHARLIE THORNTON,          )
      Plaintiff,        )
                   ) CIVIL ACTION NO.: 05-10210-RGS
      v.              )
                   )
UNITED PARCEL SERVICE, INC.,)
      Defendant.     )
_____)

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF 100% RELEASE**

The Plaintiff opposes the Defendant's motion in limine seeking to exclude all evidence of U.P.S.' per se unlawful policy requiring employees to obtain a 100% medical release prior to returning to work and of forbidding employees from working if they have permanent medical restrictions.  As grounds therefore, the Plaintiff states the following:

1. The Defendant contends that the Plaintiff should not be entitled to present evidence of the 100% healed policy because there was no evidence he was ever prohibited from returning to work.  The Plaintiff disputes this point as the record shows he was precluded from performing inside jobs in September, 2002 and was forced to retire..

2. Moreover, the Plaintiff's claim is not just that the 100% healed policy was used to prevent injured employees from returning to work.  Rather, it was also used to prevent injured employees from returning to work with permanent medical restrictions.

3. The Plaintiff intends to show that, as a result of this policy, injured employees with permanent medical restrictions were either forced onto unpaid medical leave or were required to work as if they did not have these restrictions.

4. The Plaintiff falls into the second category. As he was repeatedly informed he could not come to work with permanent restrictions, he decided to forgo his limitations and bid on whatever jobs were available.

5. The Plaintiff intends to call other employees who, along with the Plaintiff, will offer evidence as to the existence of the 100% release policy.

6. Just because the policy may have been applied to other employees in a slightly different fashion than to the Plaintiff, does not mean that the other employees testimony regarding the existence of the unlawful policy is irrelevant. It should also be no reason to bar the Plaintiff from testifying about the policy and its application to him.

7. If the Defendant believes the policy was not applied to the Plaintiff, it can argue that fact to the jury.

8. Furthermore, Judge Lasker already ruled on this issue in his order on cross motions for summary judgment.

**WHEREFORE**, the Plaintiff respectfully requests that this Court deny the Defendant's motion.

Respectfully Submitted,
Charlie Thornton
By his attorneys


DATED: February 13, 2008

//s// Michael Tumposky
Stephen Hrones
BBO No. 242860
Michael Tumposky
BBO No. 660618
Hrones, Garrity & Hedges
Lewis Wharf –Bay 232
Boston, MA 02110
(617) 227-4019

**CERTIFICATE OF SERVICE**

I, Michael Tumposky, hereby certify that, on this the 13th day of February, 2008, I served a copy of this document, where unable to do so electronically, by first-class mail on all counsel of record in this matter.

<u>//s// Michael Tumposky</u>
Michael Tumposky